IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROHAN JOHNSON, | : |
| Petitioner, | : |
| v. | : C.A. No. 14-1377-LPS |
| HONORABLE BARRY KRON, et al., | : |
| Respondents. | : |

## MEMORANDUM

### I. BACKGROUND

Petitioner Rohan Johnson filed a Petition for Writ of Habeas Corpus, contending that he has been unlawfully imprisoned in Rikers Island Jail for more than six months.[1] (D.I. 1 at 4) Petitioner appears to allege that he was coerced to plead guilty to grand larceny and criminal possession of a forged instrument, and states that he is "being required to pay a debt to society where there is no debt in fact." (D.I. 1 at 5, 37, 53-55) Petitioner asserts that this Court has jurisdiction to hear his case because the Court has general jurisdiction and "predates" the State of New York. (*Id.* at 2)

### II. LEGAL STANDARDS

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the

---

[1] Petitioner later filed an "Amended Petition," which appears to add the address for the Respondents. (D.I. 2 at 1) He also filed a letter underscoring the "exigency" of his request for habeas relief. (D.I. 3) The Court has considered the assertions contained in all of Petitioner's filings.

petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

Having reviewed the Petition, the Court concludes that summary dismissal is appropriate in this case. Petitioner is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this Court. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d) (petition may be filed either in district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Therefore, the Court does not have jurisdiction over the instant proceeding.

## IV. CONCLUSION

For the aforementioned reason, the Court will dismiss Petitioner's habeas Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: August 20, 2015
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE